**MEMO ENDORSED**

# The Roth Law Firm, PLLC

295 Madison Avenue, 22nd Floor
New York, NY 10017
Tel.: (212) 542-8882 Fax: (212) 542-8883

January 3, 2018

**BY ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-9-18
```

Hon. John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, New York 10007-1312

Re: <u>Meer Enterprises, LLC v. Durson Kocak, et</u> al, No.: 18-cv-0006 (JFK )

Dear Judge Keenan:

This office represents Defendants Durson Kocak, Durmesh Kocak, Selina Kocak, Nuri Kocak, Gonco, LLC ("Gonco"), Nurco Technologies, Inc. ("Nurco"), and D.C. Group, Inc. ("D.C. Group") (collectively "Defendants"), in the above referenced matter. Pursuant to Your Honor's Individual Rules of Practice, defendants respectfully request that this court schedule a pre-motion conference in anticipation of defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

On or about May 20, 2016, Plaintiff Meer Enterprises, LLC ("Meer") entered into an Asset Purchase Agreement ("APA") with D.C. Group, and its two principals and stockholders, non-party Ekmel Ozan Anda and defendant Durson Kocak. See Compl., **Exhibit A**, at p. 12. The APA contains several restrictive covenants barring D.C. Group's principals, subject to specific conditions and exceptions, from operating a competing jewelry business or otherwise soliciting Meer's pre-existing customers. Id. Meer presently alleges various claims against all defendants stemming from Durson Kocak's alleged operation of a competing business. Despite restricting only defendant Durson Kocak, Meer has concocted a tenuous, fact-free narrative wherein the duties and obligations of the APA ensnare Durson Kocak's entire immediate family in a fancifully constructed collaboration to destroy Meer's business. The conclusory allegations underlying this story of collusion, starting with defendant Durson Kocak himself, are as threadbare as they are incredible. Thus, dismissal of the claims is required.

    A.    <u>Breach of Contract</u>

Plaintiff Meer Enterprises, LLC ("Meer") asserts a cause of action for breach of contract against defendants Durson Kocak and his son, Durmesh Kocak[1], as well as D.C. Group. The factual basis for this claim is predicated upon a series of conclusory paragraphs which state, without any

---

[1]    Meer alleges a contract claim against Durmesh Kocak on the theory that, as an "officer" of D.C. Group, Inc., he was bound by, and violated, its confidentiality provisions as contained in Section 4.1(b) of the Asset Purchase Agreement ("APA"). However, the APA defines "Covered Persons" subject to the agreement exclusively as "Seller and ***Stockholders***." Thus, the contract claim against Durmesh Kocak must be dismissed as he is not a Stockholder.

1

substantiating facts, that "Defendants" collectively breached the APA by opening "a competing jewelry business" that it is being clandestinely "operated" from defendant Nurco Technologies' "booth" next door to Meer's showroom. See Compl., at ¶¶ 45-46, 52, 53. Tellingly, Meer does not allege any corroborating facts, such as who is operating the alleged business, when they were observed doing so, or what, specifically, "operating" the business entails. Meer completely fails to set forth any factual basis from which a plausible breach of the APA can be inferred. For this reason, among others, this claim must be dismissed.

        B.      Misappropriation of Confidential Information and Trade Secrets

Under New York law, a claim for misappropriation of confidential information and/or trade secrets requires a plaintiff to allege that it (1) possessed a trade secret or otherwise confidential information, and (2) that information was used in breach of an agreement, confidential relationship or duty, or because of discovery by improper means. See Structured Capital Solutions, LLC v. Commerzbank AG, 177 F.Supp.3d 816, 832 (S.D.N.Y. 2016). "While absolute secrecy is not required, if an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." Id. (internal citations and alterations omitted).

Here, Meer alleges the existence of confidential and trade secret status in the vaguest of terms. However, even assuming the alleged information meets the required standards (and that is far from clear), Meer fails to supply any *facts* to demonstrate that any of this information was actually *used* by *any* of the defendants. Rather, Meer's Complaint is replete with conclusory language accusing "all Defendants" of "utilizing" the allegedly confidential information without bothering to identify *how, what,* or *when* this was done and, critically, what was done by *which defendant.* See Compl., ¶¶ 49, 78, 79, 82.

In fact, Meer admits that it *voluntarily* disclosed its "confidential" information to "the Kocaks"[2] in apparent reliance upon an "oral agreement" to maintain confidentiality. See Compl., at ¶¶ 35, 80. Meer neither provides a date for this disclosure, or the date of the alleged oral agreement, or – critically – the *terms* and *scope* of the agreement. Reading the allegations as they are, it is completely unclear that there has been any breach at all since the contours of the alleged "oral agreement" are not alleged. To compound the confusion, Meer makes no attempt to differentiate between the confidential information allegedly protected by the APA or the information protected by the alleged oral agreement (which, if accepted as true, would only apply to Durson and Durmesh Kocak).[3]

        C.      Tortious Interference with Contract

Under New York law, the elements of tortious interference with contact are the "existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification,

---

[2]     "The Kocaks" appears to refer solely to "Durson and Durmesh Kocak." See Compl., at ¶¶ 30, 80.

[3]     Meer does not allege that Selina Kocak, Nuri Kocak, or Nurco are "Covered Persons" under the APA or that they were parties to the alleged "oral agreement." Given the absence of these allegations, Meer's basis for asserting misappropriation claims against these defendants is unclear.

2

actual breach of the contract, and damages resulting therefrom." See Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P., 259 F. Supp.3d 16, 29 (S.D.N.Y. 2017) (internal citations omitted). However, "unless there is a showing of malice or illegality, a defendant's economic interest in the breaching party's affairs bars an action for tortious interference with contract." Id. Here, Plaintiff alleges that Defendants "intentionally procured[4] a breach of the APA by Durson Kocak" for the purpose of assisting Durson Kocak in operating an "illegal business" from which they could "illegally profit." See Compl., at ¶¶ 86-87. It is well settled that this type of economic self-interest, evident on the face of a complaint and in the absence of any allegation of malice or illegality, is a complete defense to a tortious interference with contract claim. See Benihana of Tokyo, LLC, F. Supp.3d at 30.

### D. Unfair Competition and Federal Trademark Infringement

Meer's unfair competition and federal trademark infringement claims suffer from the same defects in detail as its other claims. In rote fashion, Meer simply alleges that "[a]ll of the Defendants have misappropriated" the "Unique Settings" trade name by engaging in the jewelry manufacturing business under the name "Unique Casting House." See Compl., ¶¶ 95, 103, 104. Yet, Meer fails to identify who allegedly operated the competing business and fails to provide any facts to plausibly infer "operation" of a business. Baselessly accusing defendants of "operating" a business is not a factual averment that this Court is required to accept under federal pleading standards. Substantively, Meer also fails to allege any facts indicating actual use[5] of the trademark or a likelihood of confusion among customers, required elements for both claims. Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 114-115 (2d. Cir. 2009).

Lastly, Meer's unjust enrichment claim, as alleged, stems from the same facts that constitute defendants' alleged violations of the APA. In short, it is an unadorned restatement of Meer's "unfair competition" theory. As such, the claim is duplicative of Meer's breach of contract claim and must be dismissed. See Digizip.com, Inc. v. Verizon Services Corp., 139 F.Supp.3d 670 (S.D.N.Y. 2015). Meer's defamation *per se* claim against Durmesh Kocak, on the other hand, does not impute the requisite form of fraud, misconduct, or inability to perform to Meer and, therefore, does not qualify as a reputational injury and must be dismissed. See Kalimantano GmbH v. Motion in Time, Inc., 939 F.Supp.2d 392, 419 – 420 (S.D.N.Y. 2013).

Thank you for Your Honor's consideration.

---

[4]. Meer fails to set forth any operative *facts* to support its tortious interference claim. One searches the Complaint in vain for any factual substance as to *how* or *when* Defendants Nuri, Durmesh, or Selina Kocak, or any of the corporate defendants, allegedly "procured a breach of the APA." A plaintiff must also "allege that there would not have been a breach but for the activities of defendants." Restis v. American Coalition Against Nuclear Iran, Inc., 53 F.Supp.3d 705, 727 (S.D.N.Y. 2014). Plaintiff simply states a baseless conclusion and repeats it with reckless abandon while neglecting to allege the requisite causal factors. Such conclusory pleading is not permitted and requires dismissal. Id. at 728. Moreover, given the pleading defects in Meer's breach of contract claim, itself an element of tortious interference, the tortious interference claims must also be dismissed.

[5]. Meer fails to allege any facts that any of the defendants actually *used* the name "Unique Casting House." Rather, Meer simply states this without alleging any actual use, such as advertisements, commercials, signs, packaging, etc. See Compl., at ¶¶ 2, 52, 55, 56, 60, 73, 103, 104.

3

Respectfully submitted,

Stanislav Sharovskiy, Esq. (SS4536)

cc:

**TO ALL PARTIES BY ECF**

No pre-motion conference is required to file a motion to dismiss. Accordingly, Defendants' request for a pre-motion conference is denied. Defendants may move. (JFK)
SO ORDERED.
Dated: New York, New York
       January 9, 2018

John F. Keenan
United States District Judge

4