```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
MEER ENTERPRISES, LLC,          :
                                :
                Plaintiff,      :
    -against-                   :
                                :
DURSON KOCAK, DURMESH KOCAK,    :
SELINA KOCAK, NURI KOCAK,       :    No. 18 Civ. 00006 (JFK)
GONCO, LLC D/B/A UNIQUE         :    OPINION & ORDER
CASTING HOUSE AND EMPIRE        :
CASTING HOUSE, NURCO            :
TECHNOLOGIES, INC. D/B/A NURCO  :
CASTING, and D.C. GROUP, INC.,  :
                                :
                Defendants.     :
------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/2018

APPEARANCES

FOR PLAINTIFF MEER ENTERPRISES, LLC:
    Douglas R. Hirsch, Esq.
    Ben Hutman, Esq.
    SADIS & GOLDBERG LLP

FOR DEFENDANTS DURSON KOCAK, DURMESH KOCAK, SELINA KOCAK, NURI KOCAK, GONCO, LLC D/B/A UNIQUE CASTING HOUSE AND EMPIRE CASTING HOUSE, NURCO TECHNOLOGIES, INC. D/B/A NURCO CASTING, and D.C. GROUP, INC.:
    Stanislav Sharovskiy, Esq.
    Richard Alan Roth, Esq.
    THE ROTH LAW FIRM, PLLC

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion by Plaintiff Meer Enterprises, LLC ("Plaintiff") to remand this action to New York Supreme Court, New York County, after Defendants Durson Kocak, Durmesh Kocak, Selina Kocak, Nuri Kocak, Gonco, LLC d/b/a Unique casting House and Empire Casting House, Nurco Technologies, Inc. d/b/a Nurco Casting, and D.C. Group, Inc. (together, "Defendants")

1

removed the action to this Court.  For the reasons that follow, Plaintiff's motion to remand is GRANTED.

## I. Background

On December 12, 2017, Plaintiff filed a complaint in the Supreme Court of the State of New York, New York County against Defendants. (See Notice of Removal at 1-2, ECF No. 1 (filed Jan. 2, 2018).)  Plaintiff essentially alleges that Defendants breached a non-compete provision in an Asset Purchase Agreement, misappropriated confidential information and trade secrets, and were unjustly enriched as a result of the breach. (See Am. Compl.)  Plaintiff's original complaint presented seven causes of action, six under state law and one under federal law—a claim for trademark infringement under the Lanham Act. (See Notice of Removal at 2-4.)  On December 13, 2017, the New York Supreme Court entered a temporary restraining order against some of the Defendants and set a date for a hearing on a preliminary injunction on January 17, 2018. (See Pl.'s Mem. of L. in Supp. of Mot. to Remand at 1, ECF No. 14 (filed Jan. 16, 2018).)  On December 26, 2017, Plaintiff moved for expedited discovery in advance of the preliminary injunction hearing. (Id.)  On January 2, 2018, Defendants removed the action to this Court under 28 U.S.C. § 1441(a), because Plaintiff's complaint included a federal cause of action over which this Court has original jurisdiction. (See Notice of Removal at 1, 3.)

On January 9, 2017, Plaintiff filed an amended complaint as of right pursuant to Federal Rule of Civil Procedure 15(a) withdrawing its federal claim under the Lanham Act and leaving only state law claims: (1) breach of contract, (2) misappropriation of confidential information and trade secrets, (3) tortious interference with contract, (4) unfair competition and misappropriation of goodwill, (5) unjust enrichment, and (6) defamation against Durmesh Kocak. (Am. Compl. ¶¶ 77-122.) On January 16, 2018, Plaintiff moved to remand this action to New York Supreme Court under 28 U.S.C. § 1447(c) because Plaintiff has "removed the only basis for this Court to exercise subject matter jurisdiction" and "there is no compelling reason for the Court to exercise pendent jurisdiction over [Plaintiff]'s state law claims." (Pl.'s Mem. of L. in Supp. of Mot. to Remand at 1-2.) On January 17, 2018, Defendants served on Plaintiff a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (See Jan. 18, 2018 Letter from Ben Hutman to Hon. John F. Keenan at 1, ECF No. 17 (filed Jan. 18, 2018).) On January 22, 2018, the Court adjourned Plaintiff's time to respond to Defendants' motion to dismiss pending the Court's decision on Plaintiff's motion to remand. (See Memo Endorsement, ECF No. 20 (filed Jan. 22, 2018).)

## II. Discussion

### A. Legal Standard

"A civil action brought in state court may be removed to a federal district court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." Nix v. Office of Comm'r of Baseball, No. 17-CV-1241 (RJS), 2017 WL 2889503, at *3 (S.D.N.Y. July 6, 2017) (internal quotation marks omitted). If a case is removed and the district court determines that it lacks subject jurisdiction over the matter, it must be remanded. See 28 U.S.C. § 1447(c). "[T]he presence or absence of subject matter jurisdiction is determined based on the complaint in effect at the time of removal . . . [and] 'a post-removal amendment [of the complaint] that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction.'" Gan v. Hillside Ave. Assocs., No. 01 CIV. 8457 (AGS), 2001 WL 1505988, at *2 (S.D.N.Y. Nov. 26, 2001) (quoting Hook v. Morrison Milling Co., 38 F.3d, 776, 780 (5th Cir. 1994) (emphasis in Hook)).

However, "when plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal under 28

U.S.C. § 1367." Spehar v. Fuchs, No. 02-CIV.9352-CM, 2003 WL 23353308, at *7 (S.D.N.Y. June 18, 2003) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)); see also Nix, 2017 WL 2889503, at *3 ("Where, as here, a plaintiff's only federal claims have been dismissed, the Court has discretion to maintain jurisdiction over any pendent state law claims."). The court must "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over . . . pendent state-law claims." Carnegie-Mellon Univ., 484 U.S. at 350. As a general rule, "when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise [supplemental] jurisdiction over remaining state law claims." Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90, 103 (2d Cir. 1998); see also Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks omitted)).

## B. Analysis

The parties do not dispute that this action was properly removed under 28 U.S.C. § 1441(a) on the basis of federal question jurisdiction. Now that Plaintiff's federal claim has been withdrawn, the Court must consider whether to retain supplemental jurisdiction over Plaintiff's remaining state law

claims.[1]  Considering the relevant factors—judicial economy, convenience, fairness and comity—the Court finds that the balance of factors favors declining to exercise supplemental jurisdiction over Plaintiff's state law claims.  Plaintiff withdrew its sole federal claim and moved to remand before "the investment of significant judicial resources"—prior to any court appearances, discovery, or decision on Defendants' motion to dismiss. See Nix, 2017 WL 2889503, at *4.  The proceeding in New York Supreme Court was already well underway at the time of removal—the court had entered a temporary restraining order against some of the Defendants and set a date for a hearing on a preliminary injunction. (Pl.'s Mem. of L. in Supp. of Mot. to Remand at 1.)  Defendants will suffer no extraordinary inconvenience in litigating this action in state court as the state courthouse is located next door to this Court.  Thus, the balance of factors weighs against exercising supplemental jurisdiction over Plaintiff's state law claims.

Courts in this Circuit have granted motions to remand where a plaintiff's federal claims have been withdrawn or dismissed before the start of discovery, or prior to the court's decision on a motion to dismiss. See, e.g., Nix, 2017 WL 2889503, at *4

---

[1] The Court does not have diversity jurisdiction over Plaintiff's state law claims as there is not complete diversity between the parties. (See Am. Compl. ¶¶ 4-13.)

(granting motion to remand where plaintiff voluntarily dismissed all of its federal claims prior to the beginning of discovery); Manginelli v. Homeward Residential, Inc., No. 13 CV 2334 SJF AKT, 2013 WL 6493505, at *7 (E.D.N.Y. Dec. 9, 2013) (declining to exercise supplemental jurisdiction over remaining state law claims where federal claims were withdrawn prior to any court appearance, dispositive motion, or discovery); Arthur Glick Truck Sales, Inc. v. H.O. Penn Mach. Co., 332 F. Supp. 2d 584, 586 (S.D.N.Y. 2004) (remanding case where plaintiffs "abandoned their sole federal claim before the Court decided" motions for a preliminary injunction and to dismiss); Spehar, 2003 WL 23353308, at *11 (granting motion for remand where plaintiffs' amended complaint disposed of their federal claim prior to defendant's answer, discovery, or ruling on substantive motions). Accordingly, at this stage of the litigation, granting the motion to remand is appropriate.

Defendants argue that Plaintiff's post-removal amendment is an attempt at forum manipulation to keep this action in state court. (See Defs.' Mem. of L. in Opp'n to Mot. to Remand at 1, 11, ECF No. 21 (filed Feb. 20, 2018).) However, as numerous courts have held, it is not manipulative for a plaintiff to seek to bring a case in state court by asserting only state claims, avoiding diversity, or amending a complaint as of right after removal. See, e.g., MHS Capital v. Goggin, No. 16-CV-1794 (VM),

2016 WL 3522198, at *5 (S.D.N.Y. June 13, 2016) ("Given that Plaintiffs initially sought to have their claims adjudicated in state court, moved for remand early in the litigation, and are entitled to amend their complaint as of right, there is no significant evidence of manipulation here that would offset the balance of factors weighing against the exercise of supplemental jurisdiction."); Certilman v. Becker, 807 F. Supp. 307, 310 (S.D.N.Y. 1992) ("The pleadings were amended early in the litigation with no prejudice to defendants, and a remand to state court would merely effectuate plaintiffs' original choice of a state forum. In such a case, the federal courts' traditional aversion to forum-shopping is not substantially implicated."). Thus, courts generally grant motions to remand where, as here, a plaintiff has voluntarily dismissed his federal claims early in the litigation, even when his "manifest purpose in doing so is to defeat federal jurisdiction." Nix, 2017 WL 2889503, at *4 (internal quotation marks omitted).

Defendants also argue that the Court should exercise jurisdiction over Plaintiff's state law claims because Plaintiff is "engaging in artful pleading" by bringing an unfair competition claim based on federal trademark infringement, which is essentially a Lanham Act claim under a different name. (Defs.' Mem. of L. in Opp'n to Mot. to Remand at 16.) "In certain limited circumstances, a federal court may look behind the

8

complaint to preclude a plaintiff from defeating federal question jurisdiction through 'artful pleading,' that is, by disguising a federal claim as a claim arising under state law." Bowlus v. Alexander & Alexander Servs., Inc., 659 F. Supp. 914, 918 (S.D.N.Y. 1987). The artful pleading rule applies only when Congress has "(1) so completely preempted, or entirely substituted, a federal law cause of action for a state one that plaintiff cannot avoid removal by declining to plead 'necessary federal questions,'" or "(2) expressly provided for the removal of particular actions asserting state law claims in state court." Romano v. Kazacos, 609 F.3d 512, 519 (2d Cir. 2010). The second prong is inapplicable here, and courts in this district have held that "the Lanham Act does not preempt state law." Medisim Ltd. v. BestMed LLC, 910 F. Supp. 2d 591, 619 (S.D.N.Y. 2012) (emphasis in the original); see also Bobcar Media, LLC v. Aardvark Event Logistics, Inc., No. 16-CV-885 (JPO), 2017 WL 74729, at *8 n.7 (S.D.N.Y. Jan. 4, 2017) ("And as regards [Plaintiff's] claim of trade dress infringement under the Lanham Act, such claims are not preemptive of state-law unfair competition."). Thus, the artful pleading rule does not apply.

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and grants Plaintiff's motion to remand this action to New York Supreme Court.

9

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is GRANTED and the Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 13, remand this action to New York State Supreme Court, New York County, and close this case.

**SO ORDERED.**

Dated: New York, New York
April 20, 2018

/s/ John F. Keenan
John F. Keenan
United States District Judge